IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOE M. SMALLWOOD, TRUSTEE OF THE JOE M. SMALLWOOD FAMILY TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-182-JHP |
| BP AMERICA PRODUCTION COMPANY, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support [Doc. No. 9] and Defendant's Response in Opposition [Doc. No. 10]. For the reasons set forth below, the Court finds that federal jurisdiction is proper. Plaintiff's Motion is therefore **DENIED**.

## BACKGROUND

This litigation involves oil and gas wells covered under the Plaintiff's oil and gas leases located in Pittsburgh County, Oklahoma. Plaintiff claims that in 2009, a well in an adjacent lot, began draining gas from his leases and that the Defendant failed to protect his leases from this offset drainage. The lawsuit was originally filed September 23, 2009, in the District Court of Pittsburg County, State of Oklahoma. On May 13, 2010, the Defendant filed a Notice of Removal, removing the action to the District Court for the Eastern District of Oklahoma on the grounds federal subject matter is appropriate pursuant to 28 U.S.C. § 1332 since the parties are diverse and the requisite amount in controversy has been satisfied. The Plaintiff filed the pending motion requesting this Court remand this action back to the District Court for Pittsburgh County on the grounds the Defendant's removal was untimely and is merely an attempt to evade the unfavorable discovery

1

rulings made by the state court.

## **DISCUSSION**

"Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here the parties don't dispute that this case meets the qualifications set forth in 28 U.S.C. § 1332 which states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Rather, the Plaintiff contends the Defendant failed to filed its notice of removal timely in compliance with 28 U.S.C. §1446 (b) which states:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

When the removability of the case is not clear from the face of the Complaint, "other papers" may be relied on to determine whether subject matter jurisdiction is appropriate and, therefore,

2

whether the case is removable. *See* 28 U.S.C. §1446 (b), *see also Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) ("Because the initial pleading did not permit Saul to discern the amount in controversy, we must determine at what point Saul received "a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case [was] one which [had] become removable." )

"Under §1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.' " *Huffman,* 194 F.3d at 1078, citing *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir.1979). "If the statute is going to run, the notice ought to be unequivocal" and "should not be one which may have a double design." *Id.* "Moreover, the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Id.*

In this case the Plaintiff contends the diversity of the parties was known to the parties at a time prior to the litigation. The Plaintiff contends since Joe Smallwood is the sole trustee and checks for the trust were sent to him from BP to his Oklahoma address, BP has sufficient evidence prior to the litigation that diversity of citizenship was established. The Defendant contends since there are no facts on the face of the Complaint which establish the citizenship of the Plaintiff, it was entitled to wait until it had credible evidence to establish the Plaintiff's residence before filing a notice of removal. Defendant argues that where the Plaintiff received his check is not evidence sufficient to allow the Defendant to "intelligently ascertain" the removability of this case, as there may have been other trustees, or the location that the check was sent to, may not have been the actual residence of the Plaintiff. The defendant conducted discovery on the jurisdictional issues and filed a notice of removal within 30 days of receipt of the responses to its request. [Doc. No. 9-2] The

3

defendant contends this is timely under §1446(b). This Court agrees.

Neither the case law, nor §1446(b) requires the Defendant to guess as to the domicile of the Plaintiff based on information regarding where the Plaintiff receives his mail. When the face of the Complaint contains no information or facts regarding the citizenship of the parties, the Defendant is entitled to remove the case, if, after later obtaining "other papers" it can intelligently ascertain the case is removable. See 28 U.S.C.A. §1446 (b)

The Plaintiff contends that in this case, the Defendant only removed the case because the state court ruled against the Defendant on a discovery dispute. Although this Court finds the timing of the Defendant's decision to remove the case suspicious in light of the adverse discovery ruling, the Plaintiff cites no authority which would allow this Court to remand the case solely based on the Plaintiff's suspicion that the removal was done as a way to avoid the state court's ruling. This Court finds the Defendant removed the case within 30 days of receiving the Plaintiff's discovery responses which revealed the case contained diverse parties which is therefore, within the time allotted by the removal statutes.

Defendant also obtained, on May 10, 2010, an affidavit from Robert Campbell, a consulting engineer, which states "the value of the Leasehold Interests will be diminished in excess of $100,000.00 from their current value if the ... Leasehold Interests are cancelled outside the wellbores ..." [Doc. No. 2] The Plaintiff contends that since the Defendant used its own expert to ascertain that the amount in controversy was in excess of $75,000.00, it should have done so within the original removal period. This Court might be inclined to agree with the Plaintiff had diversity of the parties been readily ascertainable from the face of the Complaint and the only newly obtained evidence been that presented by the Defendant's own expert. However, that is not the case. The Defendant

4

received an opinion from the expert regarding the amount in controversy only after it received the Plaintiff's discovery responses which evidenced the parties were diverse and therefore, indicated the case was subject to removal. The Plaintiff's discovery responses also denied the case was worth an amount in excess of $75,000.00. [Doc. No. 9-2] This Court finds it was then appropriate for the Defendant, at that time, to seek an expert opinion to determine whether the amount in controversy was such that the case could be removed.

For these reasons the Court finds the Defendant's Notice of Removal was timely as it was filed "within thirty days after receipt by the defendant" of "other paper[s] from which it may first be ascertained that the case is one which is or has become removable" in compliance with §1446(b).

## **CONCLUSIONS**

For the reasons stated herein, the Court retains jurisdiction over this case, and Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED this 27th day of September, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma