IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOE M. SMALLWOOD, Trustee )
of the Joe M. Smallwood )
Family Trust, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-10-182-JHP
 )
BP AMERICA PRODUCTION )
COMPANY, )
 )
      Defendant. )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Protective Order Governing Production of Documents and Data filed by Defendant on August 27, 2010 (Docket Entry #15). By Order entered September 9, 2010, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for disposition.

On September 28, 2009, Defendant BP America Production Company ("BP") was served by Plaintiff Joe M. Smallwood, Trustee of the Joe M. Smallwood Family Trust ("Smallwood") with his First Discovery Requests. BP contends responses to the requested discovery would necessarily entail the revelation of "sensitive confidential, proprietary and trade secret information . . . ."

The parties agree that a protective order should be entered in this case to preclude the dissemination of protected discovery information. Counsel has agreed to all terms save for the one concerning to whom the information produced in discovery should be

made available, found at paragraph 9(F) of the proposed order. BP proposed that the provision include an exception to the permitted disclosure of information, excluding

> any business competitor of either party, including the agents, employees, contractors and affiliates of any such competitor, who or which have any interest in Section 10-T4N-R16E, Pittsburg County, Oklahoma, or any Section 10 (i.e., Sections 2, 3, 4, 9, 11, 14, 15, and 16.

BP is concerned that certain allegedly proprietary information which would be responsive to Smallwood's discovery requests will be revealed to three of BP's competitors, Altrav Petroleum Company, Highland Oil & Gas. L.L.C., and McLinn Land Services, L.L.C. (collectively referred to as the "Competitors"). BP indicates that counsel for Smallwood is also the attorney for the Competitors. The Competitors also either drilled or sought to drill wells which allegedly tapped into the Red Oak/Brazil formation under the Smallwood Unit. BP's actions or inactions in allowing drilling in the Unit forms the basis of Smallwood's claims in this case.

In response, Smallwood agrees a protective order is needed in this case. Smallwood does not appear to oppose the language proposed by BP in paragraph 9(F) of the proposed Protective Order, but rather proposes additional language to that paragraph which would preclude production of discovery to "any business competitor of either party **or Producing Third Party**, . . . ." Smallwood also proposes a modification to the language of paragraph 9(D) to

provide

      9. Information derived from Confidential Material shall not be disclosed by the parties except to the following persons:

      \* \* \*

      D. A named party, if a corporation, governmental entity, association or partnership, and included within the designation as a party of one of the foregoing is any officer, director, employee, agent, partner, counsel, employees, contractors or in-house legal personnel of a party or any parent, subsidiary or other affiliate of a party who is responsible for assisting counsel in this litigation, **Provided, however, Confidential Material from a Producing Third Party shall not be produced or disclosed to any named party who is a business competitor of the Producing Third Party, including the agents, employees, contractors and affiliates of any such competitor, who or which have any interest in Section 10-T4N-R16E, Pittsburg County, Oklahoma, or any Section adjoining or adjacent to Section 10 (i.e., Sections 2, 3, 4, 9, 11, 14, 15, and 16), except as to the party's in-house and outside counsel, expert or prospective expert witnesses retained or anticipated to be retained in connection with this action;**

      \* \* \*

(Bolded language proposed by Smallwood).

For good cause shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including to protect the release of confidential information or trade secrets. Fed. R. Civ. P. 26(c)(1)(G). This Rule, however, precludes third parties who are not parties to the action, have not intervened, or have not been

3

served a subpoena seeking discovery from seeking a protective order. SEC v. Dowdell, 144 Fed. Appx. 716, 723 (10th Cir. 2005).

BP has moved for the protective order in this case, having been served with written discovery requests by Smallwood. In a counter proposal to BP's proposed protective order, however, Smallwood has proposed language which would benefit third parties who are not parties to this action and have not sought to intervene. BP has served discovery requests upon the Competitors as evidenced by the pending Motion to Compel. The Competitors, however, have not sought a protective order on their own behalf. The interests of third parties in the production of the discovery sought by Smallwood from BP is of no moment to this Court at this time. The narrow issue before this Court is the necessity for protection of confidential information to be produced by BP, a party to this action. The Protective Order proposed by BP accomplishes the protection which is warranted and appropriate for the discovery to be produced by BP to Smallwood at this time. The Competitors are presumably well-equipped to defend their own interests in this litigation.

IT IS THEREFORE ORDERED that Motion for Protective Order Governing Production of Documents and Data filed by Defendant on August 27, 2010 (Docket Entry #15) is hereby **GRANTED**. BP shall provide the Court with the proposed Protective Order appended to

its Motion for the Court's signature to the Court's electronic intake folder at CM-ECFIntake_oked@oked.uscourts.gov.

IT IS SO ENTERED this 8th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE